UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SISSO HO BOLONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-990-ACA-GMB |
| | ) |
| DESTINY LASSITER, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Plaintiff Sisso Ho Bolong filed suit, under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that Defendants Destiny Lassiter, Brett Ward, Mirriam Ford, and William Lawrence violated his constitutional rights. (Doc. 12; *see* doc. 30 at 3–4 (listing full names of each defendant)). He later supplemented that complaint, adding claims that the United States violated his constitutional and common law rights. (Doc. 24). Defendants moved to dismiss or, in the alternative, for summary judgment. (Doc. 30).

The magistrate judge entered a report recommending that the court dismiss all claims against the United States for lack of subject matter jurisdiction because they were time-barred; dismiss with prejudice all claims against Ms. Lassiter, Ms. Ford, and Mr. Lawrence for failure to exhaust administrative remedies; dismiss with prejudice the First Amendment retaliation claim against Mr. Ward for failure to

exhaust administrative remedies; and grant Mr. Ward's motion for summary judgment on the Eighth Amendment claim because *Bivens* does not provide a remedy for Mr. Bolong's claim. (Doc. 40 at 14, 18–29).

Before addressing Mr. Bolong's objections, the court notes that the magistrate judge recommended dismissing the claims against the United States for lack of subject matter jurisdiction because they were time-barred. (Doc. 40 at 29). A dismissal for lack of subject matter jurisdiction would be without prejudice. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1235 (11th Cir. 2021). But the time limits contained in the Federal Tort Claims Act are not jurisdictional. *United States v. Wong*, 575 U.S. 402, 420 (2015). Accordingly, although the court adopts the report's recommendation to find the claims time-barred, the court modifies the recommendation to dismiss the claims for lack of subject matter jurisdiction. Instead, the court **WILL GRANT** summary judgment in favor of the United States and against Mr. Bolong on the ground that all claims against the United States are time-barred.

Turning to Mr. Bolong's objections, they are untimely. The magistrate judge issued the report and recommendation on January 14, 2025, and informed Mr. Bolong that objections were due within fourteen days. (Doc. 40 at 30). Even adding an additional three days under Federal Rule of Civil Procedure 6(d), the deadline for objections passed on January 31, 2025. In his objections, Mr. Bolong

explains that he did not receive the report and recommendation until January 28, 2025, making it difficult to meet the deadline. (Doc. 43 at 7). He did not move for an extension of time to file objections, instead filing them late on February 18, 2025.[1] (Doc. 43 at 6). Although the court construes filings by *pro se* litigants liberally, such litigants are still required to comply with procedural rules. *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022). Mr. Bolong did not comply with the magistrate judge's directive about when to file objections, nor did he seek leave to file them out of time.

Even if Mr. Bolong's objections were timely, they are meritless. Mr. Bolong objects to "all of the . . . [r]ecommendations, relating to dismissal and denials–due to sustained documented mental and physical injuries." (Doc. 43 at 2). He argues that he exhausted his Eighth Amendment claim against Mr. Ward, provides a timeline of events, including when he filed grievances, argues that he needs additional evidence to prove his claims, and provides records from the Bureau of Prisons in support of his claims. (Docs. 43, 44; *see also* doc. 42).

First, the court **OVERRULES** Mr. Bolong's objections with respect to his exhaustion of his Eighth Amendment claim against Mr. Ward because the magistrate judge did not recommend dismissing that claim for failure to exhaust; indeed, the magistrate judge recommended denying Mr. Ward's motion to dismiss that claim on

---

[1] Mr. Bolong is currently in a residential reentry program and therefore does not get the benefit of the prison mailbox rule.

3

that ground. (Doc. 40 at 18–20). Second, the court **OVERRULES** Mr. Bolong's objections relating to the merits of his claims because the magistrate judge did not reach the merits, instead finding the Eighth Amendment claim impermissible under *Bivens* and the other claims unexhausted. (*Id.* at 20–29). Mr. Bolong has asserted no objections relating to those recommendations. (*See* docs. 42–44).

After careful consideration of the record in this case and the magistrate judge's report and recommendation, the court **ADOPTS** the report and **ACCEPTS** the recommendation, with the modification noted above. Consistent with that recommendation, the court **WILL GRANT IN PART** and **WILL DENY IN PART** Defendants' motion to dismiss or, in the alternative, motion for summary judgment. The court **WILL ENTER SUMMARY JUDGMENT** in favor of the United States and against Mr. Bolong because his claims under the Federal Tort Claims Act are time-barred. The court **WILL GRANT** the motion to dismiss and **WILL DISMISS** all claims except the Eighth Amendment claim **WITH PREJUDICE** for failure to exhaust administrative remedies. The court **WILL DENY** the motion to dismiss Mr. Bolong's Eighth Amendment claim against Mr. Ward but **WILL GRANT** the motion for summary judgment on that claim and **WILL ENTER SUMMARY JUDGMENT** in favor of Mr. Ward and against Mr. Bolong on that claim.

The court will enter a separate final judgment.

**DONE** and **ORDERED** this March 11, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE